041514Lf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| VANESSA JENNINGS,        )<br>                          )<br>           Plaintiff,    )<br>vs.                       )<br>                          )<br>CAROLYN W. COLVIN,        )<br>ACTING COMMISSIONER OF    )<br>SOCIAL SECURITY,          )<br>           Defendant.    ) | No. 13 cv 2057 EJM<br><br>ORDER |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income and supplemental security income benefits. Briefing concluded February 25, 2014. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts the Administrative Law Judge (ALJ) failed to develop the record sufficiently concerning plaintiff's mental impairments, and failed to properly evaluate her subjective allegations. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992.)

Regarding plaintiff's assertion that the ALJ did not sufficiently develop the record regarding her mental impairments, the ALJ did consider plaintiff's mental health treatment records at length, and also considered the effectiveness of the treatment plaintiff had received. (Tr. 213-18, 818-28, 1063-73, 1078-81). The ALJ considered the type and frequency of treatment which plaintiff received, including the gaps in treatment. (TR. 215-17.) The ALJ preformed the required evaluation of mental impairments, and found that plaintiff's various mental impairments were severe. The ALJ then incorporated these limitations into the Residual Functional Capacity (RFC) limitations to account for the functional deficits caused by these impairments, resulting in a limitation to simple, routine, and repetitive work, with only occasional contact with other people. (Tr. 213-18.) The court is satisfied that the existing evidence of record provided a sufficient basis for the ALJ's decision, and that the ALJ did not err on this point. In determining residual functional capacity, the ALJ permissibly relied upon substantial evidence, including the medical record, consultants, plaintiff's daily activities, all as set forth in the ALJ's decision. Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005.)

Plaintiff urges that the ALJ failed to properly evaluate plaintiff's subjective allegations. It is the court's view that in discounting the plaintiff's credibility, the ALJ's evaluation was proper, and the ALJ permissibly relied upon her statements about lying on a job application and her unfulfilled promise to her doctor (Tr. 213-

17, 293-94, 312-13), failure to comply with medications, a pattern of conservative medical treatment, gaps in seeking treatment, the typical significant improvement when plaintiff was compliant with recommendations and medications, inconsistent descriptions of her own symptoms and limitations, and plaintiff's lengthy sporadic work history. "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003.) "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, the Court should defer to the ALJ's credibility determination." Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003.)

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

April 15, 2014

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

3